# W. S. H. LOTHROP ET AL., Complainants,
## *v.*
# RAFAEL COLLAZO ET AL., Defendants.

---

IN EQUITY—BILL FOR FORECLOSURE OF MORTGAGE AND ACCOUNTING—MONEY BORROWED BY RECEIVER.

1. Where the borrower of a sum of money stipulates that the interest on it shall be paid annually, and a mortgage on an estate is given to secure both principal and interest, failure of the debtor to pay the interest as it becomes due will authorize a foreclosure for it and a sale of the property, notwithstanding the principal has not become due. While there can, of course, be but one foreclosure of a mortgage, it may be had for the interest due upon a debt.

2. Sums borrowed by the receiver of the property mortgaged should be paid, together with the interest owing to complainants, by a foreclosure of the mortgage.

May 31, 1902.

---

*Mr. F. H. Dexter,* solicitor for complainants.

*Messrs. Pettingill & Keedy,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

On November 1st, 1898, the complainant Wm. S. H. Lothrop loaned the defendants, Rafael Collazo and Antonio Perez-Guerra, composing the firm of Collazo, Perez-Guerra & Co., the sum of $50,000, payable on November 1st, 1902. By the terms of the loan it was to bear 10 per. cent interest from November 1st,

Lothrop v. Collazo.

1898, and this interest was to be due and payable annually on the 1st day of November of each year. By its terms, therefore, $5,000 of interest was due on November 1st, 1899; $5,000 November 1st, 1900; $5,000 November 1st, 1901; and the other instalment of interest will be due when the principal is payable.

These terms of the loan were incorporated into a mortgage to secure it on the plantation of about 1,320 cuerdas, known as "La Carmelita." The mortgage expressly provides that it is to secure the interest payments as well as the principal of the debt, and further stipulates for the payment of $3,000 in addition in case of foreclosure, for the purpose of paying costs and judicial charges, to be a charge on the property.

This bill was filed on December 12th, 1900. It avers that the two interest payments which by the terms of the mortgage were due November 1st, 1899, and November 1st, 1900, are unpaid, and asks a foreclosure of the mortgage. The third interest payment has since fallen due, to wit, on November 1st, 1901; and the bill prays for an accounting, and that the defendants may be ordered to pay whatever may appear to be due, together with the costs, or that in default thereof the premises be sold. There is no need of a reference to find what may be due, if anything, as it is a matter of short calculation; and as an accounting is asked and a decree for whatever may be due, the suit should be regarded as embracing the third payment of interest, which became due on November 1st, 1901. While there can, of course, be but one foreclosure of a mortgage, it may be had for the interest due upon a debt. In this instance there is a special agreement and provision in the mortgage that the interest is to be due and payable at stated periods. There is no claim that either the principal or any of the interest has been paid; but the defense is that the suit was prematurely brought, that the complainants had then in fact no cause of action either for princi-

Lothrop v. Collazo.

pal or interest, and that even no interest was due at that time. This claim is based upon an agreement between the parties made subsequent to the loan and the giving of the mortgage. The evidence is conflicting as to its terms. It is claimed by the defendants that after the hurricane in August, 1899, and the consequent injury to the estate, especially to the coffee crop, they informed the complainant that they would not be able to pay the interest due in November, 1899, and that a large expenditure by them would be needed to restore the estate; that the complainant then agreed with defendants, if they would expend money to restore the estate, he would extend the payment of this interest to the 31st of December, 1900, and the interest for each succeeding year likewise, and until the estate was made productive and the defendants able to pay.

It is shown that in the execution of the arrangement between the parties a note for $5,583.33 was given by the defendants to the complainant on December 4th, 1899, due December 31st, 1900, and that this was for the interest on the loan to November 1st, 1899, and interest upon this interest from the last-named date. The evidence of the defendant Perez-Guerra is that the agreement was that if this note was paid when it fell due, then the interest due November 1st, 1900, was to be extended a year. In other words, that they had until this note fell due before any interest was payable; and the suit being brought before its maturity is not maintainable. In this view he is not sustained by the evidence of his codefendant, Collazo. Upon the other hand, it is claimed by the complainant that the agreement was that there should never be at any time over one year's interest owing, and that the arrangement was based altogether upon this condition. The evidence for the complainant sustains this view, and it is confirmed by the evidence of the defendant Collazo, who, in the main, upon the part of the defendants, made the arrangement.

But for this confirmatory evidence by the defendant Collazo, the court would be in doubt of complainant's right to a judgment. It is also claimed by the defendants that on July 28th, 1900, one of them informed the complainant that they would not be able to pay the note due December 31st, 1900, for the 1899 interest, and that the complainant then agreed, if they would continue the work of restoring the plantation, he would extend the time to pay said interest for a long time, and so that it would be convenient to defendants to pay. This is contradicted by the complainant, and its terms are too indefinite for judicial consideration. It is shown that there was an effort by the defendants, after the second year's interest became due and before this suit was brought, to get an extension of payment of interest. There was no need of this if, in truth, a contract of extension had already been made of the character claimed by them. When November 1st, 1900, came, the only reason defendants appear to have given for the nonpayment of interest then due was the small coffee crop, and that they had no money; and in their efforts to get an extension of payment of interest after the time when it was claimed an extension was agreed upon, no mention appears to have been made of it. The arrangement which was made seems to have been upon condition that there should be at no time more than one year's interest unpaid; and, as the agreement was not carried out by the defendants, it should be disregarded, and this seems equitable to all parties. The note for $5,583.33 of December 4th, 1899, due December 31st, 1900, is adjudged to be canceled.

It is shown that although the loan and mortgage were made in the name of the complainant only, that yet DeFord & Company were the real parties in interest and the real owners of the debt, the complainant being one of the firm. They have, however, been joined as complainants.

Lothrop v. Collazo.

It is, therefore, adjudged that the complainants are entitled to recover of the defendants $5,000 with interest at 6 per cent from November 1st, 1899; also $5,000 with like interest from November 1st, 1900; and the further sum of $5,000 with like interest from November 1st, 1901, and their costs herein expended. The property mortgaged has heretofore, by an order of this court in an ancillary bill, been put into the hands of its receiver, and under an order of this court he has borrowed certain moneys, $3,000 of which, with interest, yet remain unpaid. And to pay the sums above adjudged to the complainants and the money yet owing that has been borrowed by the receiver, there should be a foreclosure of the mortgage sued upon; but the defendants are given until August 1st, 1902, to pay the same. And in the event it is not done, the property mortgaged will be sold, and a decree is ordered to be entered to this effect. In the event of a foreclosure sale, as the mortgage provides the complainants shall be allowed not over $3,000 for expenses and costs, the court reserves the right to order such costs paid, including a reasonable fee to the solicitor for the complainants.

The report of the receiver is not now acted upon. There appears to be a small amount of money in his hands, and the court reserves the right to adjudge it as may be equitable.